# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION



REGINALD ANTHONY McKENZIE, )
)
    Plaintiff, )
)
v. )   Case No. CV404-122
)
SERGEANT WALLY TRIPP, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

Defendant Tripp has filed a motion to for summary judgment. Doc. 19. Plaintiff has not responded to the motion. For the reasons that follow, the Court RECOMMENDS that the motion be GRANTED.

## I. BACKGROUND

In his complaint, plaintiff claims that on September 29, 2003, while he was incarcerated at Coastal State Prison in Garden City, Georgia, defendant Tripp used excessive force against him in violation of 42 U.S.C. § 1983. Doc. 1. According to the complaint, plaintiff and defendant had an

altercation resulting from a disagreement about whether plaintiff should have to sleep on the top bunk of the bed in his cell.

In accordance with the procedures at the prison, on October 6, 2003, plaintiff filed a grievance, numbered 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, alleging that defendant used excessive force against him. Def. Exh. C. On the same day, plaintiff filed a second grievance, numbered 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, alleging that defendant and Officer Gibson used excessive for against him on the same occasion. Def. Exh. D. These grievances were forwarded to Internal Investigations for review. Canady Aff. at ¶ 5. On December 4, 2003, after investigating plaintiff's complaints, Internal Investigations ruled that the medical evidence did not support plaintiff's allegations and declined to further investigate the case. Id. Though plaintiff was permitted to appeal this decision under the prison's Standard Operating Procedure IIB05-0001, plaintiff filed no appeal. Id.

On July 19, 2004, plaintiff filed the present complaint. On March 9, 2005, defendant filed this motion for summary judgment. In his motion, defendant argues that judgment should be entered in his favor because he is entitled to Eleventh Amendment immunity and because plaintiff failed

to exhaust his administrative remedies. Plaintiff has not filed a response to the motion, indicating a lack of opposition. See Local Rule 7.5 ("Failure to respond shall indicate that there is no opposition to a motion.").

## II. ANALYSIS

### A. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure requires a court to enter summary judgment where the record, taken as a whole, establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "An issue of fact is 'material' if it might affect the outcome of the case under the governing laws. . . . It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baker v. Sears, Roebuck & Co., 903 F.2d 1515, 1518 (11th Cir. 1990)(citations omitted).

The moving party "always bears the initial responsibility of informing the [trial] court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once

the movant has shown that the party bearing the burden of proof at trial lacks evidence on an essential element of his claim, the burden of production shifts to the nonmoving party "to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Rule 56(e)).

"Although reasonable inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party, that party 'must present affirmative evidence in order to defeat a properly supported motion for summary judgment' to show that there is a genuine issue for trial." Tidmore v. BP Oil Co./Gulf Products Div., 932 F.2d 1384, 1387 (11th Cir.), cert. denied, 502 U.S. 925 (1991)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)). A mere scintilla of evidence supporting the non-moving party's position will not fulfill its burden. Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). The Court must consider the entire record in the case, not just those portions of the record which have been singled out for attention by the parties. Baker, 903 F.2d at 1515.

## B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e to provide:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

§ 1997e(a). Prior to bringing a § 1983 action, a prisoner is required to exhaust all administrative remedies and appeals. The Eleventh Circuit has made clear that this mandatory exhaustion requirement is a "'pre-condition to suit'" that must be enforced even if the available administrative remedies are either futile or inadequate. Harris v. Garner, 190 F.3d 1279, 1285-86 (11th Cir.1999) (quoting Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998), vacated, 197 F.3d 1059, reinstated in part, 216 F.3d 970 (11th Cir. 2000)). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." Knuckles v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

While the exhaustion requirement may be satisfied where the prison fails to respond to the grievance entirely, the prisoner is required to allow sufficient time for prison administration officials to respond to a grievance before filing a § 1983 complaint. E.g., Ahmed v. Sromovski, 103 F. Supp. 2d 838 (E.D. Pa. 2000); McCoy v. Scott et al., 1997 WL 414185 at * 2 (N.D. Cal. July 15, 1997). A prisoner is also required to appeal any grievance denial to the highest administrative level possible. E.g., Moore v. Smith, 18 F. Supp. 2d 1360, 1363 (N.D. Ga. 1998); Hernandez v. Steward, 1996 WL 707015 at * 2 (D. Kan. Nov. 27, 1996).

The evidence presented by defendant shows that plaintiff has failed to exhaust his administrative remedies before bringing this claim. Pursuant to Standard Operating Procedure IIB05-0001, plaintiff could have appealed the denial of his grievance either to the Office of the Commissioner or to the Grievance Coordinator, but he chose not to. Def. Exh. B at VI(D)(5)(k)-(n); Exh. A at ¶ 5. His failure to do so is fatal to his claim.

## III. CONCLUSION

Based on the foregoing, the Court RECOMMENDS that defendant's motion for summary judgment be GRANTED, and that this case be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 13TH day of July, 2005.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA